A. Franklin Mahoney, J.
In this proceeding authorized hy section 690 of the Tax Law of the State of New York (inaccurately labeled an article 78 review[1]) petitioner seeks a review of the determination of the State Tax Commission that there was a deficiency due from him for personal income taxes for 1962 based on a holding that section 1301 of the Federal Internal Revenue Code which permits 1 ‘ income averaging” has no counterpart in article 22 of the Tax Law of this State and is not incorporated by reference into the Tax Law by the provisions of section 612 thereof.
Petitioner, an attorney, on October 8, 1962, received a fee for professional services rendered over a period of six years in the amount of $43,744.82. Since this substantial fee would inflate his 1962 income, in comparison with prior years, he sought to avail himself of the provisions of section 1301 of title 26 of the United States Code by recomputing the Federal tax due for the prior years. Without passing on the correctness of the method employed to recompute, it is enough for the purpose of this judicial review to state that petitioner, in his 1962 State income tax return, attempted to apply the Federally permissible tax spreading to his State tax liability for that year.
Petitioner’s reasoning for the correctness of his position is unique and requires comment because it is representative of the taxpayer’s unending search for ways to avoid the ever increasing burden of taxes. In 1959 a study group, appointed by the Legislature, recommended that the State base its State personal income tax on the same income reported in the Federal return of the taxpayer. The Legislature responded by passing *486 section 612 of the Tax Law (L. 1960, ch. 563, eff. April 18, 1960) which, so far as pertinent here, states: “New York adjusted gross income * * * (a) General. The New York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section.” Next, Congress, in passing the Internal Revenue Code of 1954, enacted section 1301 of the United States Code which, in pertinent part, reads as follows: “ § 1301. Compensation from an employment, (a) Limitation on tax. If an individual * * * (1) engages in an employment * * * and (3) the gross compensation from the employment received or accrued in the taxable year of the individual * * * is not less than 80 percent of the total compensation from such employment, then the tax attributable to any part of the compensation which is included in the gross, income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual. ’ ’ The application of this ‘ ‘ income averaging ’ ’ statute to petitioner’s 1962 Federal income tax return markedly reduced the Federal adjusted gross income for that year and, petitioner argues, the State is now obligated by the terms of section 612 of the Tax Law to base its tax assessment for the same year on the same adjusted gross income.
It is with regret that this argument must be rejected. Section 61 of title 26 of the United States Code defines “ gross income ” as “ all income from whatever source derived, including (but not limited to) the following items: (1) compensation for services, including fees, commissions, and similar items ”. Section 62 of the code defines “adjusted gross income” as “ gross income minus the following deductions: ”. Section 1301 of the code does not alter or change in any way the above definitions but only establishes a pattern of taxing that portion of the adjusted gross income which can be identified as having been earned over period in excess of 36 months and which represents 80% or more of the total compensation received from such employment. In this case the $43,744.82 fee was received in a single payment in 1962; it represents more than 80% of the total compensation for the professional services rendered and it was earned over a period in excess of 36 months. However, the language of section 1301 of the Internal Revenue Code compels the inclusion in the gross income of that part of the fee (in this case the whole fee) received in the year covered by the *487 tax return. No other conclusion can be reached from the language of section 1301 that states, ‘ ‘ then the tax attributable to any part of the compensation which is included in the gross income (emphasis supplied) of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.” It follows that if the fee received in 1962 were not included in the “ gross income ” of the Federal return and thereby reflected in the “ adjusted gross income ” it would be impossible to compute the tax “ attributable ” to the fee in 1962 and to determine if such tax would be greater if the fee had been reported ‘[1] ratably ’ ’ over the period earned. Looked at in this light it must be said that section 1301 is for tax computation rather than income computation.
Petitioner’s argument also overlooks the impact of section 22 of article III of the New York State Constitution, effective January 1, 1960, which reads in part: “ Notwithstanding * * *
any other provision of this constitution, the legislature, in any law imposing a tax or taxes on, in respect to or measured by income, may define the income on, in respect to or by which such tax or taxes are imposed or measured, by reference to any provision of the laws of the United States as the same may be or become effective at any time or from time to time, and may prescribe exceptions or modifications to any such provision.” Clearly, the State may define the income upon which it intends to levy a tax and may do so by reference to any law of the United States. It has done so in the language of section 612 of the Tax Law which specifically refers to the Federal definitions (U. S. Code, tit. 26, §§ 61, 62) of ‘[1] gross income” and “ adjusted gross income ”. The provisions of section 1301 of the Code, for the reasons given above, do not alter or change these definitions.
The petition is dismissed.

. The date of notice of decision of respondent was August 12, 1971. Petitioner made personal service of notice of petition and petition on respondent on December 22, 1971, 10 days beyond the 4-month statutory limitation provided for in subdivision (e) of section 690 of the Tax Law.