John T. Casey, J.
The petitioners by order to show cause instituted a proceeding under CPLE article 78 for an order prohibiting the Department of Taxation and Finance from filing a tax warrant or levying against the petitioners for tax deficiencies for the years 1965 and 1966. The petitioners claim they are entitled to the relief because the Department of Taxation and Finance failed to notify them of the tax deficiency and because certain sections of the Tax Law are unconstitutional.
The Department of Taxation and Finance has submitted records which indicate that a notice of deficiency for each of the tax years involved was mailed to the petitioners by certified mail. The petitioners, however, allege they never received the notices. Under .subdivision (a) of section 681 the Tax Law requires the notice must ‘ ‘ be mailed by certified or registered mail to the taxpayer at his last known address in or out of this state ”. (Tax Law, § 681, subd. [a].) The petitioners’ failure to receive the notice is, therefore, immaterial.
The constitutional issues raised by the petitioners should have been raised in an action for a declaratory judgment. (Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400.) Inasmuch as the parties do not question the in personam jurisdiction of the court, however, I shall convert that portion of the proceeding wherein the constitutional issues are raised to an action for a declaratory judgment. (Ibid; see Overhill Bldg. Co. v. Delany, 28 N Y 2d 449; Practice Commentary, C103:3, McKinney’s Cons. Laws of N. Y., Book 7B, CPLE 103.) There is no requirement that administrative remedies be exhausted where the constitutionality of a statute is questioned. (Northern Operating Corp. v. Town of Ramapo, 31 A D 2d 822, revd. on other grounds, 26 N Y 2d 404; see Halpern v. Lomenzo, 35 A D 2d 41.)
The petitioners are husband and wife and the husband earns all of the “ family income ”. For the tax years involved they filed separate New York State tax returns in which the husband *931 split Ms income with Ms wife.[1] New York State income tax is computed on a graduated tax basis; therefore, by the husband splitting Ms income with his wife, his income tax liability was reduced. The Department of Taxation sent notices of deficiency to the petitioners stating that there was additional tax due because under subdivision (f) of section 612 of the Tax Law a husband and wife may not split income. The petitioners claim subdivision (f) of section 612 and section 615 (subd. [b], par. [2]) of the Tax Law are unconstitutional.
According to the petitioners, subdivision (f) of section 612 of ,the Tax Law violates section 22 of article III of the New York State Constitution. Subdivision (f) of section 612 provides: If husband and wife determine their Federal income tax on a joint return but determine their New York income taxes separately, they shall determine their New York adjusted gross income separately as if their Federal adjusted gross incomes had been determined separately. The prohibition against income splitting is obvious — each party must set forth Ms adjusted gross income. Thus, if a husband earns all of the “ family income ” he may not split that income with Ms wife. The petitioners argue that the 1959 amendment to section 22 of article III of the New York Constitution sets forth a legislative policy whereby the New York State Tax Law was to be coextensive with the Federal tax law. This being so, the petitioners continue, since through the use of the Federal joint return,[2] income splitting is available to married taxpayers even though one spouse earns all of the “ family income ”, they should be given the same benefits when they compute their State income tax.
The 1959 amendment to article III does not require the Legislature to tailor the State Tax Law to give State taxpayers the same benefits they receive as Federal taxpayers. It permitted the Legislature in any law imposing a tax or taxes on, in respect to, *932 or measured by income to define income by reference to the laws of the United States as they may be in effect from time to time, with such exceptions or modifications as the Legislature may prescribe. (NT. Y. Const., art. Ill, § 22, historical note.) The Legislature is, therefore, free to depart from the Federal law at its discretion. (N. Y. Legis. Annual, 1960, Simplification of Income Tax Returns for New York State Taxpayers, pp. 363, 366; cf. Matter of Alaimo v. State Tax Comm., 69 Misc 2d 484.) The prohibition against income splitting contained in .subdivision (f) of section 612 of the Tax Law does not violate section 22 of article III of the New York State Constitution.
The petitioners maintain section 615 (subd. [b], par. [2]) violates their constitutional right to equal protection of the law. Section 615 (subd. [b], par. [2]) provides: The total of the New York itemized deductions of a husband and wife whose Federal taxable income is determined on a joint return, but whose New York taxable incomes are determined separately, may be taken by either or divided between them as they may elect. By virtue of this section, husbands and wives who both earn income may obtain a tax advantage which is unavailable to married persons where only one spouse earns income. The tax advantage arises because by transferring deductions from one spouse to the other, the parties may reduce the income of one spouse so it falls within a lower tax bracket.[3]
Undeniably, section 615 (subd. [b], par. [2]) creates a tax inequality under certain circumstances between married persons where both spouses earn income and married persons where only one spouse earns income. A tax inequality between classifications of taxpayers does not necessarily violate one group’s constitutional rights to equal protection of the law. ‘ Neither due *933 process nor equal protection imposes upon a state any rigid rule of equality of taxation * * * inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation” as long as the classification rests upon a rational basis. (Carmichael v. Southern Coal Co., 30 U. S. 495, 509; Shapiro v. City of New York, 67 Misc 2d 1021.) A rational basis exists if any state of facts reasonably can be conceived that would sustain it. (Allied Stores of Ohio v. Bowers, 358 U. S. 522.) Furthermore, the State Legislature need not explicitly declare its purposes. (Ibid.)
In its brief, the respondent suggests that section 615 (subd. [b], par. [2]) may have been enacted to simplify the audit of tax returns. Information contained in tax returns and obtained on audits is exchanged by the Internal Revenue Service and the New York State Department of Taxation and Finance. By virtue of section 615 (subd. [b], par. [2]), the New.York State tax auditors need look only to the deductions claimed on the Federal audited joint tax returns to verify the total deductions claimed by husbands and wives on New York State tax returns. If the husbands and wives were required to claim their own deductions, and were not allowed to exchange deductions between them, the State tax auditors would have to varify the source of each partner’s deductions, i.e., whether the deduction arose from the income of the wife or the income of the husband. Such information would not be available on the Federal joint tax return since the deductions of both spouses are combined on that tax return.
Thus, the enactment of section 615 (subd. [b], par. [2]) serves as an administrative convenience and presumably results in reducing expenses in the administration of the Department of Taxation and Finance. The State may properly classify taxpayers to promote administrative convenience and reduce expenses in the collection or measurement of income taxes. (See Carmichael v. Southern Coal Co., supra.) The rationale advanced by the respondent is plausible and is sufficient justification for section 615 (subd. [b], par. [2]).
Finally, there is another reason for declaring subdivision (f) of section 612 and section 615 (subd. [b], par. [2]) constitutional. Were this court to declare those sections unconstitutional, the taxpayers affected by those sections and the Department of Taxation and Finance would be unable to' accurately ascertain the correct manner in which to file the tax returns. This is so, because a decision declaring those sections unconstitutional might be sustained or might be reversed by the appellate courts. The more stable course of action, therefore, is to refuse to declare *934 those sections unconstitutional, and stay the imposition of the tax upon the petitioners until the matter is reviewed by the appellate courts. (See Constitutionality of Statutes, McKinney’s Cons. Laws of N. Y., Book 2, Constitution, § 46, pp. 39, 40.)
In light of the above, subdivision (f) of section 612 and section 615 (subd. [b],'par. [2]) are declared constitutional. The stay contained in the order to show cause is continued for a period of 30 days within which time the petitioners may institute an appeal of this decision and apply for a further stay, if necessary, to the appropriate court.

. The petitioners have also instituted a separate proceeding wherein they question a decision of the Department of Taxation and Finance concerning other tax years. A motion addressed to those pleadings was before this court. The basic issues in that proceeding are identical to constitutional issues raised herein. I have examined the papers submitted in that proceeding to clarify the petitioners’ position herein.

. The Federal income tax procedures effect a splitting of income through tax schedules of the Federal joint return. In the Federal joint return the total income of both parties is reported as joint income. After their aggregate taxable income has been determined it is divided in half and a tax is computed. The tax is then multiplied by two. The purpose of the Federal income tax joint returns is to create some tax equality between married taxpayers in noncommunity property States and married taxpayers in community property States. (See 1972 CCH, Yol. 5A, Standard Tax Reg. K5020.1.)

. For example the New York State income tax rate for the year of 1965 was 2% of the New York State taxable income not over $1,000; for taxable income over $1,000 but not over $3,000, the rate was $20 plus 3% of the excess over $1,000. (Tax Law, § 602.) Assume that the husband earned $4,000, that the wife earned $2,000, that the husband had New York State itemized deductions totaling $2,000; and that the wife had New York State itemized deductions totaling $2,000. If they satisfied the conditions under section 615 (subd. [b], par. [1]), they could divide the deductions between them so that the husband would take $1,000 of the wife’s deductions for a total of $3,000 deductions and a taxable income of $1,000. The wife would have $1,000 deductions and a taxable income of $1,000. The tax for each spouse would be $20. On the other hand, assume that the husband earns all the “family income ”; that he earns $6,000 and that he has'$4,000 New York State deductions. He would pay a tax on $2,000 income or $50. Thus, in the first situation on a taxable “family income ” of $2,000 there was a tax of $40, while in the second situation a tax of $50 was imposed on a “ family income ” of $2,000.