■    In the Matter of JAMES MACLEAN, Appellant, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 18, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the respondents' determination of tax liability and to vacate the tax assessment and warrant issued thereon. This proceeding arose as the result of the failure of the MacLean Construction Corporation to pay to the respondents the employee withholding taxes for 1966 and 1967, as required by section 674 of the Tax Law, which resulted in the taking of action against petitioner individually, under subdivision (g) of section 685 of the Tax Law, to collect as a penalty the amount of the taxes unpaid. The respondents contend, and Special Term agreed, that the petitioner was a "person required to collect, truthfully account for, and pay over" the withholding taxes and that he "willfully failed to do so" (Tax Law, § 685, subd [g]). We do not reach this issue on the instant appeal. Respondents claim to have acted under the authority of subdivision (a) of section 681 of the Tax Law, which provides that upon the failure of a taxpayer to file a required income tax return, "the tax commission is authorized to estimate the taxpayer's New York taxable income and tax thereon, from any information in its possession, and to mail a notice of deficiency to the taxpayer * * * by certified or registered mail * * * at his last known address". Because a petition for redetermination of the deficiency was not received within 90 days of the purported mailing of the notice as required by statute (Tax Law, § 689, subd [b]; § 681, subd [b]), a warrant was docketed in Columbia County against petitioner for the amount of the taxes due (Tax Law, § 692). The petitioner contends that respondents have failed to demonstrate that the notice of deficiency was mailed as required (Tax Law, § 681, subd [a]) and that, accordingly, the assessment and resulting collection procedures were invalid under subdivision (c) of section 681 of the Tax Law. We agree. Although respondents claim, in their amended answer, that they mailed a notice of deficiency to petitioner by certified mail on June 30, 1969, they are unable to produce either the return receipt or the letter. The only evidence of a mailing in this record is a copy of the mailing log. There are no affidavits or testimony as to the accuracy or authenticity of this log and no signature or initials appear thereon. Respondents have also failed to produce affidavits or other evidence as to their

course of business or office practices which would tend to prove that the instant mailing was, in fact, effected. Although petitioner's claim of a failure to receive the notice is not material *(Matter of Kenning v State Tax Comm.,* 43 AD2d 815, mot for lv to app den 34 NY2d 653), the presumption of delivery does not arise until adequate proof of mailing has been adduced *(Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522). Whatever weight may be ascribed to the mailing log herein is overcome by the failure of respondents to produce either the return receipt or the letter, as returned by the post office, or any further proof that the subject notice was mailed as required. Petitioner asserts that he was not a person required to collect, account for or pay the taxes in question and that his failure to do so was not willful (Tax Law, § 685, subd [g]; cf. *Matter of Levin v Gallman,* 49 AD2d 434). These claims were decided adversely to him by Special Term. We conclude, however, that, in view of the failure of respondents to demonstrate compliance with the notice requirements of subdivision (a) of section 681 of the Tax Law, both the interests of justice and the necessity of a complete record for an adequate judicial review of the substantive issues raised herein mandate a *de novo* hearing on the claims of petitioner under subdivision (a) of section 689 of the Tax Law. Judgment reversed, on the law and the facts, with costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.