*690 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Commission’s argument that petitioner’s failure to receive the notice of sales tax determination is immaterial is predicated upon Matter of Kenning v State Tax Comm. (72 Misc 2d 929, affd 43 AD2d 815, mot for lv to app den 34 NY2d 653). That case is, however, clearly distinguishable. It involved income rather than sales tax, and the governing income tax statute (Tax Law, § 681, subd [b]) contains no language similar to that in the pertinent sales tax provision (Tax Law, § 1147, subd [a], par [1]).
Under the latter provision the mailing of a notice of determination of sales tax liability “shall be presumptive evidence of the receipt of the same by the person to whom addressed.” The quoted language makes “receipt” a part of the procedural equation and by characterizing mailing as only “presumptive evidence” establishes the taxpayer’s right to rebut the presumption. In light of that language and the Commission’s concession that its notice was returned marked “unclaimed” and was not received by petitioner, the courts below correctly held petitioner entitled to a hearing on the sales tax assessment against it, notwithstanding that it demanded that hearing more than 90 days after the notice of assessment was mailed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.