◼ In the Matter of ABRAHAM AGOSTO, Respondent, v TAX COMMISSION OF THE STATE OF NEW YORK, Appellant.—Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 9, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination of tax liability and to vacate the tax assessment and warrant issued thereon.

In February 1983, the State Department of Taxation and Finance sent to petitioner by certified mail four notices of deficiency. As the result of an alleged computer error, these notices were addressed to petitioner at 294 Wallen Street, Brooklyn, rather than to his actual address of 294 Warren Street. When, within 90 days, respondent did not receive from petitioner a petition for redetermination of the deficiencies (Tax Law § 689), it sent to petitioner demands for payment of the tax deficiencies. These demands were, like the notices of deficiency, incorrectly addressed to 294 Wallen Street. According to petitioner, he did receive these demands for payment but had never received the earlier notices of deficiency.

Petitioner thereafter protested the matter, but respondent, noting that no petition had been timely submitted (Tax Law § 689), refused to accept a late petition. Petitioner then commenced this CPLR article 78 proceeding seeking a judgment directing respondent to issue new deficiency notices at his

correct address, thereby entitling him to petition for redetermination within the ensuing 90 days. Special Term granted the petition but, noting that the relief sought by petitioner was inappropriate, directed respondent to conduct a de novo administrative hearing on petitioner's claims. This appeal by respondent ensued.

Respondent's argument on appeal is that, because it produced proof before Special Term that petitioner did actually receive the notices of deficiency in question, the technical error in his address was not prejudicial and should be disregarded. The proof of receipt submitted by respondent at Special Term consists of United States Postal Service records indicating that the notices of deficiency, all of which were sent by certified mail, were accepted by petitioner at his Warren Street address at March 1983. Petitioner denies such receipt. Under Tax Law § 681 (a), notices of deficiency "shall be mailed * * * to the taxpayer at his last known address". In examining whether there has been compliance with this provision, it is immaterial that a petitioner did or did not actually receive the notice (Matter of MacLean v Procaccino, 53 AD2d 965, 966; Matter of Kenning v Department of Taxation & Fin., 72 Misc 2d 929, 930, affd 43 AD2d 815, lv denied 34 NY2d 653). Instead, the inquiry focuses on whether the notice was mailed to the taxpayer's last known address. Here, the notices sent to petitioner were incorrectly addressed. Accordingly, he should be afforded the opportunity now to present to respondent at a de novo hearing his claims regarding the alleged deficiencies (see, Matter of MacLean v Procaccino supra).

Judgment affirmed, without costs. Main, J. P., Weiss and Mikoll, JJ., concur.

Yesawich, Jr., and Levine, JJ., dissent and vote to reverse in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent.

There being ample evidence in the record that petitioner actually received the notices of deficiency some nine months before he undertook to file his petition to have the deficiencies redetermined, punctilious compliance with Tax Law § 681 (a) was not indispensable. Our conclusion in this regard is not only borne out by Federal authorities (see, e.g., Pugsley v Commissioner of Internal Revenue, 749 F2d 691; Zikria v Williams, 535 F Supp 481; Mulvania v Commissioner of Internal Revenue, 81 TC 65), but is consistent with this court's decision in Matter of MacLean v Procaccino (53 AD2d 965). There the notice issue was reduced to whether adequate proof of mailing the deficiency notice had been presented; although

respondent claimed to have mailed the notice by certified mail, it was unable to produce either the return receipt or the letter as returned by the post office. Because convincing proof of mailing had not been adduced, the presumption of delivery was not actuated *(supra,* at p 966).

At bar, however, respondent introduced a certified mail receipt evidencing that petitioner had received the notices of deficiency at his correct address on March 10, 1983; petitioner did not deny respondent's averment that the signature on the receipt was petitioner's. Also attesting to such delivery are affidavits by the superintendent of claims and inquiry for the United States Postal Service and by respondent's principal clerk in charge of supervising the transmittal of notices of deficiency. Instead of the statutory presumption of delivery arising from a correct address, what we have here is substantial evidence of actual receipt and, in the circumstances of this case, surely that is notice enough. Accordingly, we would reverse Special Term's judgment and confirm respondent's determination.