■ In the Matter of ALFREDA BLUDSON, Respondent, v EMMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Stanley Parness, J.), entered February 15, 1990, which granted the petition, pursuant to CPLR article 78, seeking to vacate the determination of respondent New York City Housing Authority terminating petitioner's tenancy, unanimously affirmed, without costs.

Upon this appeal, respondent contends that the petition is time barred pursuant to CPLR 217. The gravamen of his argument is that, irrespective of any untimeliness of the notice of hearing given to the tenant, the mailing of notice of the Housing Authority's determination terminating her tenancy on October 28, 1987 gives rise to a presumption of receipt (citing *Matter of Allen v Bausch & Lomb,* 130 AD2d 802) and constitutes notice of adverse administrative action. Therefore, respondent asserts, the four-month limitation period for bringing an article 78 proceeding began to run on that date, and the commencement of the proceeding on October 4, 1988 was barred by CPLR 217.

Respondent's position presupposes the validity of the agency's determination terminating the tenancy. The Housing Authority is obliged to follow procedures which ensure that due process is accorded the tenant subjected to eviction proceedings *(Escalera v New York City Hous. Auth.,* 425 F2d 853, *cert denied* 400 US 853; *Matter of Vinson v Greenburgh Hous. Auth.,* 29 AD2d 338, *affd* 27 NY2d 675). To this end, the agency has adopted termination of tenancy procedures requiring that a tenant receive advance notice of a hearing by certified mail of at least 15 days.

An administrative action is not final and binding within the contemplation of CPLR 217 until it " 'has its impact' " upon the petitioner *(Matter of Edmead v McGuire,* 67 NY2d 714, 716). The Statute of Limitations does not begin to run until the petitioner receives notice of the determination *(Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834).

The presumption of receipt arising from proof of mailing *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828) is inapposite because, as the Court of Appeals noted in *Matter of Biondo v New York State Bd. of Parole* (60 NY2d 832, 834, *supra),* "fundamental fairness would seem to compel the conclusion that a petitioner should not be held to have been dilatory in challenging a determination of which he was not aware (cf. *Matter of Bianca v Frank,* 43 NY2d 168)."

The burden rests on the agency to establish that the requisite notice of an action or hearing was given *(Matter of MacLean v Procaccino,* 53 AD2d 965). The Special Referee assigned to hear the traverse concluded that the Housing Authority did not effect service as required by its regulations, and Supreme Court correctly confirmed the finding. At the traverse hearing, the tenant testified that no notice of the hearing to terminate her tenancy was received, testimony which the Special Referee found entirely credible. The only contradictory testimony was received from office workers who stated that the notice was placed with the outgoing mail for collection by the mailroom. Moreover, there was uncontroverted testimony that the certified mailing was returned marked "unclaimed". Petitioner's tenancy was terminated in violation of her right to procedural due process, and Supreme Court's decision annulling respondent's determination was therefore entirely correct. Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.