[604 NYS2d 605]

In the Matter of CATHY ALLEN, Appellant, v ELIN M. HOWE, as
Commissioner of the Office of Mental Retardation and
Developmental Disabilities, et al., Respondents.

Third Department, November 24, 1993

2

**APPEARANCES OF COUNSEL**

*Nancy E. Hoffman,* Albany *(Paul S. Bamberger* of counsel), for appellant.

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock* of counsel), for respondents.

**OPINION OF THE COURT**

WEISS, P. J.

Petitioner, an employee of respondent Office of Mental

Retardation and Developmental Disabilities, was injured while at work and was disabled from employment commencing October 17, 1990 and received workers' compensation benefits. On September 6, 1991, she was notified that she would be terminated from employment on October 19, 1991, pursuant to Civil Service Law § 71 and 4 NYCRR 5.9, if she was unable to return to work "due to [the] completion of one cumulative year of absence". Petitioner returned to work on October 12, 1991 but, on November 10, 1991, another absence commenced due to a reoccurrence of the injury. She was terminated effective November 15, 1991, again "due to [the] completion of one cumulative year of absence". Petitioner has appealed from the judgment of Supreme Court which dismissed, on the merits, her petition challenging the termination of her employment.

Petitioner contends that Civil Service Law § 71 has been misinterpreted and that the provision authorizing termination because of absence for a period of one year should be construed to require a continuous period of one year rather than a cumulative period as interpreted by 4 NYCRR 5.9, 21.8 and 28-1.8. In relevant part, Civil Service Law § 71 states: "Where an employee has been separated from the service by reason of a disability resulting from occupational injury or disease as defined in the work[ers'] compensation law, he shall be entitled to a leave of absence for at least one year". The plain language of the statute does not mandate that the absence be for 365 consecutive days, i.e., one continuous year, rather than a cumulative year. The interpretation of the statute by the Department of Civil Service in its promulgated regulations is legally permissible and therefore its construction is entitled to deference, particularly since the Department is charged with interpretation and administration of that statute. Absent a breach of constitutional rights and protections, the courts are powerless to substitute another interpretation (see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 404; Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46, 50).

Petitioner also contends that she has in fact been denied her constitutional right of equal protection under the law because of the difference in the treatment of employees who are absent because of non-work-related disabilities under Civil Service Law § 73 from those employees absent due to disability from occupational injury or disease covered in Civil Service Law § 71. We cannot agree. Facially, Civil Service Law § 73

appears to require a more stringent criteria, i.e., absence on consecutive days for one year before termination is permitted, whereas Civil Service Law § 71 and the implementing regulations (4 NYCRR 21.8) require only an accumulation of days absent which totals one year before permissible termination. There is a sound basis for the distinction in treatment. Obviously, the Legislature intended to treat the absences from work differently. When viewed in totality, there is no apparent preference to those suffering an ordinary disability as petitioner has argued. Employees absent because of a work-related injury are afforded several benefits not available to those absent due to nonoccupational injury or disease, which itself establishes a sound basis for difference in treatment and "bears a rational relation to a legitimate governmental interest" and therefore does not result in a constitutional violation *(Matter of McDermott v Forsythe,* 188 AD2d 173, 175; *see, Matter of Duncan v New York State Dev. Ctr.,* 63 NY2d 128, 134-135; *Gruen v County of Suffolk,* 187 AD2d 560, 563).

CASEY, J. (dissenting). The statutory interpretation adopted by respondents is in direct conflict with the rationale which underlies the holding in *Matter of Duncan v New York State Dev. Ctr.* (63 NY2d 128). The interpretation also denies equal protection by treating similarly situated persons differently. Accordingly, I respectfully dissent.

In furtherance of its substantial interest in maintaining the efficiency and continuity of its civil service, the State is justified in establishing a point at which a civil servant absent from work due to a disability can be replaced *(Matter of Economico v Village of Pelham,* 50 NY2d 120, 126). For civil servants disabled by non-work-related injuries, that point is fixed by Civil Service Law § 73, which permits termination of employment "[w]hen an employee has been continuously absent from and unable to perform the duties of his position for one year or more". For civil servants disabled by occupational injuries or diseases, Civil Service Law § 71 permits termination of employment after the employee has been given "a leave of absence for at least one year". At issue in the *Duncan* case was whether the termination of employment, pursuant to Civil Service Law § 71, of employees who are absent for a lengthy period as a result of work-related diseases or injuries violates the Workers' Compensation Law proscription against discharging or otherwise discriminating against an employee because he or she has filed for workers' compensation benefits

*(see,* Workers' Compensation Law § 120). The Court of Appeals noted that "an employment practice that is applied evenhandedly to all employees represents a neutral policy that does not constitute discrimination, particularly if it is based on legitimate business concerns" *(Matter of Duncan v New York State Dev. Ctr., supra,* at 134). The Court then compared Civil Service Law §§ 71 and 73, which revealed "a nearly identical treatment of all disabled civil servants, *regardless of the source of the disease or injury.* Indeed, to the extent that the two statutes differ, it appears that section 71 has provisions more beneficial to the employee" *(supra,* at 134-135 [emphasis supplied]). Based upon these conclusions, the Court found no violation of Workers' Compensation Law § 120.

In direct conflict with the Court of Appeals reading of Civil Service Law §§ 71 and 73, respondents have interpreted the statutes as according disparate treatment to disabled civil servants based upon the source of the disabling disease or injury, resulting in treatment under Civil Service Law § 71 which is less beneficial to the employee who has an occupational disease or injury. According to respondents' statutory interpretation, such an employee can be terminated when the cumulative total of his absences from work due to the occupational disease or injury reaches 365 days, regardless of the number and frequency of days of work interspersed with the absences. An employee absent from work due to a non-work-related disease or injury, however, can avoid dismissal by showing up for work for one day in every 365 days. Respondents contend that once the employment of an employee with a work-related disease or injury is terminated pursuant to Civil Service Law § 71, he is treated somewhat better than an employee whose employment is terminated pursuant to Civil Service Law § 73, but such posttermination treatment does not, in my view, justify the less favorable treatment accorded to an employee with an occupational disease or injury when his employment is terminated. Such less favorable treatment, based solely upon the source of the disease or injury, is in direct conflict with the Court of Appeals rationale in *Duncan.*

Respondents' failure to apply the employment practice embodied in Civil Service Law §§ 71 and 73 evenhandedly to all civil servants, without regard to the source of the disease or injury, also results in a denial of equal protection. Inasmuch as a suspect class or fundamental right is not involved, the question is whether the challenged action bears a rational relation to a legitimate governmental interest *(see, Matter of*

*McDermott v Forsythe,* 188 AD2d 173, 175). Under the principles set forth in *Matter of Abrams v Bronstein* (33 NY2d 488, 492-493), it is my view that the classification created by respondents' disparate treatment of employees who are absent from work due to work-related diseases or injuries is wholly irrelevant to the achievement of a valid State objective. The legitimate State objective behind the employment practice which establishes a point at which a disabled civil servant can be replaced *(see, Matter of Economico v Village of Pelham, supra,* at 126) certainly can be achieved by the evenhanded application of the employment practice to all civil servants without regard to the source of the disabling disease or injury. The only justification offered by respondents for its disparate treatment based upon the source of the disabling disease or injury is that the cost to the State for the benefits provided to an employee with a work-related disease or injury is greater than the cost of the benefits for an employee with a non-work-related disease or injury because employees with occupational diseases or injuries are entitled to workers' compensation benefits in addition to the leave benefits available to all employees. The State's attempt to justify its less favorable treatment of employees who have work-related diseases or injuries upon the ground that they receive workers' compensation benefits is in direct conflict with Workers' Compensation Law § 120 and, therefore, does not provide a valid State objective for the disparate treatment.

For the two reasons set forth above, separately or together, it is my view that respondents' interpretation of Civil Service Law § 71 is irrational. The judgment should, therefore, be reversed and the petition granted.

MERCURE, CARDONA and MAHONEY, JJ., concur with WEISS, P. J.; CASEY, J., dissents in a separate opinion.

Ordered that the judgment is affirmed, without costs.