■ In the Matter of DIANE SPIEGEL, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent. [604 NYS2d 838] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered February 11, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioner sustained a single occupational injury and was on leave from her State government employment from September 18, 1989 to March 19, 1990, and again from June 11, 1990 until into 1991. During these periods she received workers' compensation benefits. Respondent, who had been her employer, informed her in a letter dated January 7, 1991 that effective February 13, 1991 her State service would be terminated "due to the completion of more than one cumulative year of absence resulting from her accident". Petitioner contends that respondent has misinterpreted Civil Service Law

§ 71, and argues that respondent erred by considering her to have been absent *cumulatively* for one year rather than absent *continuously* for one whole year.

In a companion case decided herewith *(Matter of Allen v Howe,* 194 AD2d 1), we have held that the interpretation of the Civil Service Law, as implemented by Department of Civil Service regulations (4 NYCRR 5.9, 21.8, 28-1.8), is entitled to deference. We hold that petitioner's termination was made in compliance with the statute and applicable regulations and, therefore, dismissal of the petition was proper.

Mercure, Cardona and Mahoney, JJ., concur.

Casey, J. (dissenting). I respectfully dissent for the same reasons set forth in my dissenting opinion in *Matter of Allen v Howe* (194 AD2d 1 [decided herewith]). Ordered that the judgment is affirmed, without costs.