■ In the Matter of MICHAEL D. WAITE, Appellant, v PHILIP J. COOMBE, JR., as Commissioner of the Department of Corrections, et al., Respondents. [668 NYS2d 767] —Spain, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered July 9, 1996 in Saratoga County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

At all times relevant herein, petitioner was a correction officer at Mt. McGregor Correctional Facility in Saratoga County, employed by the Department of Correctional Services (hereinafter DOCS) and represented by the Law Enforcement Officers Union Council 82 (hereinafter Council 82). In January 1995 petitioner filed a grievance challenging DOCS' calculation of the duration of petitioner's leaves of absence resulting from occupational injuries. Although petitioner was not terminated, Civil Service Law § 71 has been interpreted to authorize

termination of an employee on such leave for more than one year (*see, Matter of Allen v Howe*, 84 NY2d 665). Petitioner claimed that regular days off (hereinafter RDOs) should not be included in the calculation. Petitioner's grievance was rejected at each stage of a three-step review process. Pursuant to contract, the Executive Director of Council 82 (or his or her designee) was solely authorized to request binding arbitration following the third step in the grievance process; significantly, binding arbitration was never requested.

Thereafter, petitioner commenced the instant CPLR article 78 proceeding, *pro se*, challenging, *inter alia*, DOCS' calculation of petitioner's leaves of absence. The Administrator for Council 82 moved to dismiss the petition against him on the grounds that Supreme Court lacked personal and subject matter jurisdiction, that petitioner's claims were time barred and that petitioner failed to state a cause of action. Respondents Commissioner of DOCS, the Director of the Governor's Office of Employee Relations (hereinafter GOER) and the Associate for GOER (hereinafter collectively referred to as the State respondents) together filed an answer which raised, as an affirmative defense, the assertion that their rules, regulations and policies were validly promulgated pursuant to the Civil Service Law, were rational, reasonable and consistent with statute, and were not arbitrary or capricious. The answer also contends, *inter alia*, that petitioner failed to exhaust his administrative remedies. Supreme Court granted the Administrator's motion to dismiss and also dismissed the petition against the State respondents; in its discretion the court went further and opined that if it were to consider the merits of the petition, it would uphold the State respondents' method of calculating leave. Petitioner now appeals.

We affirm. Initially, we conclude that Supreme Court properly dismissed the petition against the Administrator. The record reveals that a copy of the notice of petition and verified petition was delivered to a person of suitable age and discretion at the Administrator's place of business; however, CPLR 308 (2) and 403 (c) also require mailing of the notice of petition and the petition to the named respondent. Here, the record is devoid of an affidavit of mailing; petitioner's allegation, that the affidavit though properly filed may have been lost, misplaced or misfiled, is not persuasive. Accordingly, Supreme Court correctly determined that petitioner never obtained personal jurisdiction over the Administrator.

Further, we also conclude that Supreme Court correctly dismissed the petition against the State respondents. A

"[p]etitioner, having designated the union as his [or her] collective bargaining agent, is bound by the terms of the agreement negotiated for and made on his [or her] behalf" (*Matter of Plummer v Klepak*, 48 NY2d 486, 489, *cert denied* 445 US 952). Here, the grievance procedure clearly vested discretion to request arbitration in the Executive Director of Council 82 or a designee and Council 82 never requested arbitration. Therefore, Council 82 failed to exhaust administrative remedies on behalf of petitioner; moreover, petitioner has neither alleged nor made a showing that arbitration would be futile (*see, Matter of Hanchard v Facilities Dev. Corp.*, 207 AD2d 573, *affd* 85 NY2d 638). Accordingly, the determinations made by the State respondents were not ripe for judicial review.

It is also our view that Supreme Court correctly observed that DOCS' method of calculating leave was permissible. In *Matter of Allen v Howe* (194 AD2d 1, *affd* 84 NY2d 665), this Court upheld a determination of the Department of Civil Service which interpreted Civil Service Law § 71 to authorize termination of an employee whose cumulative disability leave totals exceeded one year. As Supreme Court noted in the instant proceeding, *Matter of Allen* implicitly approved a cumulative calculation of leave which included RDOs.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.