■ In the Matter of 72A REALTY ASSOCIATES, Appellant, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD et al., Respondents. [713 NYS2d 26] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered May 26, 1999, which, as limited by petitioner's brief, dismissed its petition to annul the determination of respondents Environmental Control Board, Department of Sanitation and Department of Finance, which, upon a finding that service was properly effected upon petitioner, sustained the notice of violation, unanimously reversed, on the law, without costs, the petition granted and the determination annulled.

Petitioner is the owner of a Manhattan apartment building known, variously, as 66 Avenue A, 187 East 4th Street and 504 East 5th Street. On January 12, 1998, a notice of violation was issued for the premises, identified as 187 East 4th Street, for failure to place recyclable materials in the proper container.

Alternative service of the notice was made by posting it upon the premises and mailing a copy to 11 East 44th Street. At a hearing at which the owner appeared by mail, it asserted that it had no relationship with this address and requested that the notice of violation (NOV) be dismissed. The Administrative Law Judge found that the owner's "evidence does not establish that the address used by [the Environmental Control Board] was not obtained from one of the sources set forth in 1404 (d) (2) (B) of the City Charter, which include specified [Department of Finance and Department of Sanitation] records. Any one of those records may be used by [the Owner] to satisfy the requirement for a 2nd mailing". By order dated August 6, 1998, the Chairman of the Environmental Control Board affirmed this determination, stating that the owner's "evidence does not establish that the 11 E. 44th Street mailing address for the 187 E. 4th Street premises was not obtained from one of the sources set forth in the statute."

The petition asserts that the burden of establishing that agency records contain no reference to the address to which the summons was mailed was improperly placed upon the owner. In support of service, the agency submitted an affirmation stating that it is "the regular course of business for [the Department of Sanitation] to file with [the Environmental Control Board] an affidavit of mailing proving the requirements of § 1404 (d) (2) (b) were met" concluding that, based upon a review of the affidavits of service, the specified mailing had been made. The agency also argued that petitioner had received notice of the violation and had not sustained any prejudice. Finally, the agency attached a computer printout indicating that, in 1986, the address of the deed owner of the property was "11 E 44th St."

Supreme Court dismissed the petition, noting that the owner "does not deny having received notice and a reasonable opportunity to answer and oppose the NOV on the merits and on procedural grounds." The court held that petitioner "has not demonstrated that service was not in accord with NYC Charter § 1404 (d) (2) (b), since the notice was affixed and mailed to the subject premises and the second copy mailed to an address listed in the [Department of Finance] and/or [Department of Housing Preservation and Development] files." Since petitioner did not demonstrate prejudice, the court found that the agency's determination had not been shown to be arbitrary and capricious.

As stated by the Court of Appeals, "The incontestable starting proposition in cases of this kind is that once jurisdiction

and service of process are questioned, plaintiffs have the burden of proving satisfaction of statutory and due process prerequisites" (*Stewart v Volkswagen of Am.*, 81 NY2d 203, 207, citing *Lamarr v Klein*, 35 AD2d 248, *affd* 30 NY2d 757). The burden of establishing the propriety of service rests upon the party asserting jurisdiction, and it was improper for the agency to require the owner to demonstrate that the address to which the summons was mailed did not come from its records.

As a second point, "it remains the law in this forum that compliance with statutory service requirements is not obviated by a defendant's actual receipt of service" (*New Hampshire Ins. Co. v Wellesley Capital Partners*, 200 AD2d 143, 150, citing *McDonald v Ames Supply Co.*, 22 NY2d 111). Thus, prejudice is not material to the exercise of jurisdiction (*see, Raschel v Rish*, 69 NY2d 694, 697; *Macchia v Russo*, 67 NY2d 592, 595). In any event, the Environmental Control Board never adduced any evidence at the hearing to show from what source the 11 East 44th Street address had been obtained. The "Fair Tax" computer printout was first submitted in response to petitioner's CPLR article 78 petition. Judicial review of the propriety of an administrative determination is limited to those grounds invoked by the agency in its determination (*Matter of Montauk Improvement v Proccacino*, 41 NY2d 913; *see also, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758-759), and "the court may not consider arguments or evidence not contained in the administrative record" (*Brusco v New York State Div. of Hous. & Community Renewal*, 170 AD2d 184, 185, *appeal dismissed* 77 NY2d 939, citing *Matter of Rozmae Realty v State Div. of Hous. & Community Renewal*, 160 AD2d 343, *lv denied* 76 NY2d 712; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757, *affd* 58 NY2d 952). The assertion that an affidavit is filed "in the regular course of business" is not a substitute for proof in the form of an actual affidavit of service (*see, Matter of Waite v Coombe*, 247 AD2d 663, 664, *lv denied* 92 NY2d 802). "The burden rests on the agency to establish that the requisite notice of an action or hearing was given" (*Matter of Bludson v Popolizio*, 166 AD2d 346, 347, *appeal dismissed* 77 NY2d 938, *lv denied* 78 NY2d 854, citing *Matter of MacLean v Procaccino*, 53 AD2d 965).

Finally, the agency's interpretation of the New York City Charter provision is disingenuous. The tax records, belatedly produced, reveal only that the address to which process was delivered once had some connection with the premises. The agency does not pretend that it was a current address, then

used by the present owner, only that it was "an address listed in the DOF and/or HPD files," as Supreme Court concluded. While the City Charter does not specify that a notice of violation be mailed to a "current" address, the detailed language of the provision evinces an intent to assure that actual notice is received (NY City Charter § 1404 [d] [2] [b]), a purpose that clearly will not be promoted by mailing to an out of date address. In addition, the decision neither adheres to the agency's own precedent nor indicates any reason for reaching a different result on essentially the same facts and is therefore arbitrary and capricious (*Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516). Concur—Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.