■ In the Matter of BEST PAYPHONES, INC., Appellant, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK et al., Respondents. [931 NYS2d 64]—

Previously in this litigation, the Court of Appeals (5 NY3d 30 [2005]) affirmed dismissal of petitioner's article 78 petition seeking, inter alia, to compel a public pay telephone (PPT) franchise agreement between it and respondent the Department of Information Technology and Telecommunication of the City of New York, concluding that petitioner's challenge to a January 2000 letter from Corporation Counsel purporting to disapprove PPT franchise rights was time-barred, having been brought more than four months after the letter's issuance (see CPLR 217 [1]).

In the instant article 78 proceeding, petitioner challenges the enforcement of notices of violation (NOVs) issued for the unauthorized operation of PPTs, again challenging the January 2000 letter from Corporation Counsel and arguing that it did not effectively disapprove franchise rights to petitioner. Under principles of res judicata, the Court of Appeals' prior judgment on the merits between the parties, in which it conclusively decided that petitioner's challenge to the 2000 letter was time-barred, renders petitioner's claim in the instant proceeding untimely (UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 473-474 [2011]).

In light of 2001 letters from petitioner's counsel agreeing to accept the NOVs, we conclude that respondent satisfied its

initial burden of establishing the propriety of service (*Matter of 72A Realty Assoc. v New York City Envtl. Control Bd.*, 275 AD2d 284, 285-286 [2000]). Although petitioner sought to defend against the NOVs with counsel's 2005 contrary statement, it failed to provide competent evidence to explain the contradiction. Further, having reviewed the record on appeal, we conclude that the administrative tribunal did not improperly shift the initial burden as to the propriety of service. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.