■ CAROLINE SHERMAN et al., Appellants, v NICOLAI HANU, Respondent. [600 NYS2d 371] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered May 11, 1992 in Otsego County, upon a decision of the court in favor of defendant.

Defendant contracted to build an improved basement, with concrete block walls and a poured concrete floor, beneath plaintiffs' house for a total price of $8,700. $4,000 was to be paid upon signing the contract, $2,700 when the work was three fourths completed, and the final $2,000 upon completion. The first two payments were made and the work progressed, but prior to its completion a dispute arose between plaintiffs and defendant, and consequently the final payment was never made, nor was the work finished.

In their suit for damages, plaintiffs assert that the work performed by defendant was substandard and would have to be replaced at a substantial cost. A bench trial was held, and after taking testimony and viewing a videotape and photographs of the premises, Supreme Court found that the cost of completion of the work would be $2,000. Inasmuch as this equalled the amount still due under the contract, plaintiffs were awarded no damages and defendant was awarded costs. Plaintiffs appeal.

The record evidence provides ample support for Supreme Court's determination that defendant breached the contract by failing to construct the basement in a workmanlike manner. As to damages, applying the general rule, plaintiffs are entitled to recover the difference between the amount due on the contract and the amount necessary to properly complete the job or to replace the defective construction, whichever is appropriate (see, Sarnelli v Curzio, 104 AD2d 552, 553; Manniello v Dea, 92 AD2d 426, 428; Condello v Stock, 285 App Div 861, mod on other grounds 1 NY2d 831). The "difference in value" rule in defective performance of construction contracts is inapplicable where, as here, use of the general rule does not result in unreasonable economic waste (see, Bellizzi v Huntley Estates, 3 NY2d 112, 115).

Plaintiffs proffered the testimony of several experts, all of whom asserted that the defects in defendant's work could not be repaired, but rather that the entire basement must be

removed and reconstructed at a cost of between $15,000 and $25,000. Defendant's expert, however, opined that the job could be completed for approximately $2,000; his testimony indicates that this amount would cover the addition of mortar to the bare crevices and some reworking of the top of the walls to remove the wooden blocks, and provide adequate support for the house. As Supreme Court, not unfairly, accepted this testimony, we defer to that finding *(see, Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830). The $2,000 figure does not, however, include the additional work necessary to bring the floor to an even depth of four inches, and to complete it in a workmanlike manner so that the footers are adequately supported and the entire surface is covered. Trial testimony established that the cost of a new concrete floor of the proper depth would be $2,160.

The correct measure of plaintiffs' damages is therefore $2,160, which represents the difference between the amount necessary to complete the job and repair the defects therein including the floor ($4,160), and the amount still due on the contract ($2,000). Inasmuch as plaintiffs should have prevailed on their complaint, and no evidence of special circumstances was presented, the awarding of costs to defendant was also inappropriate *(see,* CPLR 8101).

Mikoll, J. P., Levine and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, and plaintiffs are awarded judgment of $2,160 plus interest from April 18, 1991.