◼ Donald E. Thompson et al., Respondents, v Shane Mc-Carthy, Individually and Doing Business as McCarthy Roofing Company, Appellant. [659 NYS2d 343] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered March 27, 1996 in Madison County, which, *inter alia*, denied defendant's cross motion to dismiss the complaint.

In June 1995, plaintiffs commenced this action against defendant, a contractor, to recover for property damages they sustained as a result of defendant's installation of a new roof on their home in 1992. Following joinder of issue, plaintiffs moved for court-ordered depositions and defendant cross-moved to dismiss the complaint based on his assertion that another action between the same parties involving identical issues had previously been decided in Oneida City Court (hereinafter City Court). Supreme Court granted plaintiffs' motion and denied defendant's cross motion, finding that the question of plaintiffs' damages had not been raised or decided in the City Court action. Defendant now appeals, as limited by his brief, from that part of Supreme Court's order denying his cross motion.

We affirm. In our view, defendant has failed to demonstrate that the City Court and Supreme Court actions "arise out of the same actionable wrong" and that the City Court action should have been sufficient to resolve the disputed issues (*Hinman, Straub, Pigors & Manning v Broder*, 89 AD2d 278, 280; *see*, *Whitney v Whitney*, 57 NY2d 731, 732; *see generally*, CPLR 3211 [a] [4]). In the 1992 City Court action brought by defendant against plaintiffs, defendant sought to collect the balance due on the roofing contract following his completion of the project. In that action, plaintiffs did not counterclaim, but raised as an affirmative defense that defendant's work was defective and that he had been paid in full for the fair value of the work he had performed. After trial, City Court ordered plaintiffs to pay the balance due only after defendant corrected certain defects. When defendant failed to comply with its order, City Court denied defendant's application for judgment for the balance of the contract and dismissed the complaint.

Plaintiffs thereafter commenced this action, alleging causes of action sounding in negligence, breach of warranty, fraud and violations of General Business Law and Lien Law and seeking to recover for, *inter alia*, water damage to the interior of plaintiffs' home, damage to chimneys and the cost of installation of a new roof. We agree with Supreme Court that the question of plaintiffs' monetary damages in this action was neither

raised nor decided in the City Court action. Accordingly, Supreme Court properly denied defendant's motion to dismiss the complaint on the ground of another action pending. We similarly reject defendant's argument that this action is barred by the doctrine of collateral estoppel (see, *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71).

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.