■ WILLIAM H. PEAK, Appellant, v NORTHWAY TRAVEL TRAILERS, INC., Respondent. [688 NYS2d 738] —Spain, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 4, 1998 in Washington County, which, upon reargument, denied plaintiff's motion for summary judgment.

In December 1991, plaintiff purchased a new motor home from defendant for a sum in excess of $100,000. In July 1993, after having the vehicle weighed, plaintiff wrote a letter to defendant stating that it was overweight, exceeded Federal motor vehicle safety standards and was unsafe to operate under normal usage.[1] In November 1995, plaintiff commenced this action against defendant seeking to recover monetary damages in the amount of the purchase price plus interest, arising from defendant's alleged breach of contract, breach of implied and express warranties, and fraudulent misrepresentations related to the sale of the motor home. Plaintiff continued to drive the vehicle which, as of August 1996, he had driven approximately 20,000 miles.

During the jury trial, Supreme Court directed that the issues of liability and damages be bifurcated; the court dismissed all causes of action except the breach of contract claim, and submitted the issue of liability on that claim alone to the jury.[2] The court instructed the jury to find a breach of contract if they determined that the vehicle was overweight and that such excessive weight rendered it dangerous to operate or otherwise

---

1. In August 1993, plaintiff sent a letter, copied to defendant, to the manufacturer asserting that defendant had refused to make repairs to correct the vehicle's weight problem. Plaintiff invoked his right under the New York new car Lemon Law, stating that the manufacturer would be required to accept return of the vehicle and issue plaintiff a full refund of the purchase price unless repairs were timely commenced.

2. Prior to the trial, defendant moved for summary judgment based upon an arbitrator's decision in a Lemon Law proceeding instituted by plaintiff against the vehicle's manufacturer that any weight problem was plaintiff's responsibility. Supreme Court denied that motion based upon its conclusion that the claims in the two actions were not the same.

defective. The jury returned a verdict in plaintiff's favor, finding that defendant had breached the parties' contract.

Prior to the second portion of the trial on the issue of damages, plaintiff moved for summary judgment contending that, in view of the jury's verdict that the motor home was dangerous or defective, as a matter of law he is entitled to the return of his purchase price with interest. Plaintiff submitted that there were no questions of fact to be resolved regarding the measure of damages or the amount of damages. Plaintiff alleged in his affidavit in support of the motion and argued in his memorandum of law that he had timely revoked acceptance of the motor home after learning it was overweight, offered to return it and demanded the return of the purchase price. Defendant cross-moved for summary judgment on damages, and opposed plaintiff's motion, contending that the issue of defendant's liability went to the jury solely on plaintiff's breach of contract cause of action for which plaintiff sought money damages in the amount of the purchase price. Defendant further argued that plaintiff never pleaded or proved that he repudiated the contract or revoked his acceptance of the vehicle, instead apparently seeking by his complaint to simultaneously retain the vehicle which he used for many years and receive reimbursement of its full purchase price with interest. Defendant also argued that plaintiff had not proved damages at the liability phase of the trial.

Supreme Court initially denied defendant's cross motion and granted plaintiff summary judgment on damages, awarding the full purchase price of the motor home plus interest and directing its return to defendant upon this repayment. The court reasoned that, in view of the jury's finding as instructed on plaintiff's breach of contract claim that the vehicle was dangerous and defective, and because plaintiff made clear that he did not want it, "special circumstances" existed to warrant departure from the measure of damages under UCC 2-714 (2); the court concluded that the proper measure of damages was the return of plaintiff's purchase price plus interest, citing *Murphy v Mallard Coach Co.* (179 AD2d 187, 194-195).

Defendant thereafter moved to reargue, contending that rescission of the contract and return of the vehicle is an equitable remedy which plaintiff did not plead or seek in his complaint, which sought only money damages; that plaintiff never proved damages on his breach of contract claim at the liability phase of the bifurcated jury trial; and that there was no basis to allow plaintiff to enjoy the benefit and use of the vehicle for many years at defendant's expense. Plaintiff opposed defendant's reargument motion.

Supreme Court granted defendant's motion to reargue and, upon reargument, denied plaintiff's motion for summary judgment in view of the understanding at trial that the issue of damages would be separately tried and that defendant would have an opportunity to present proof as to damages. The court explained that although the jury found the vehicle to be defective in that it cannot be used as plaintiff intended, "the question remains as to what are the damages due plaintiff". The court noted that it would be for the jury to determine, based upon the proof at the trial on damages, whether the motor home was worthless, entitling plaintiff to damages in the amount of the purchase price (and, presumably, requiring return of the vehicle), or whether plaintiff sustained damages in an amount less than the full purchase price. Plaintiff now appeals only the court's order on reargument.

We affirm. It is well settled that a motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and is properly granted upon a showing that the court overlooked or misapprehended the facts and/or the law or mistakenly arrived at its earlier decision (see, Grassel v Albany Med. Ctr. Hosp., 223 AD2d 803, 804, lv dismissed, lv denied 88 NY2d 842). Applying this standard, it is clear that defendant's submissions in seeking reargument demonstrated that Supreme Court, having bifurcated the trial, mistakenly granted plaintiff summary judgment on the issue of damages in the absence of any proof of the loss suffered by plaintiff as a result of defendant's breach of their contract. This was particularly so in view of the understanding reflected in the record that defendant would be afforded an opportunity at the damages phase of the trial to submit an expert response on the issue of damages.

Moreover, plaintiff neither pleaded nor proved at trial that he revoked acceptance of the contract for the sale of the vehicle;[3] indeed, the necessary factual determination of whether the purported revocation occurred within a "reasonable time" and before any substantial change in the condition of the vehicle unrelated to the defects was never pleaded, proved or submitted to the jury (UCC 2-608 [2]; see also, Tabor v Logan, 114 AD2d 894). The sole cause of action submitted to the jury was for breach of contract. Importantly, plaintiff proceeded to trial on the sole theory that, as a result of defendant's breach of their contract, the motor home was worthless, entitling him to damages in the amount of the purchase price with interest.

---

3. It appears that plaintiff first asserted this claim in moving for summary judgment on damages following the jury verdict on liability. Notably, plaintiff never moved to amend his complaint.

Plaintiff did not proceed on the materially distinguishable equitable cause of action that he had timely revoked his acceptance and was entitled to a return of the purchase price (*see*, *Breitung v Canzano*, 238 AD2d 901, 902).

Thus, plaintiff did not establish entitlement, as a matter of law, to repayment of the purchase price (*see*, UCC 2-711), and must offer proof at the trial on damages as to the loss suffered as a consequence of defendant's breach of contract, including incidental and consequential damages, as Supreme Court concluded upon reargument (*see*, UCC 2-714 [1]; 2-715]). Under these circumstances, the amount of damages was correctly determined to be a question of fact for the jury (*see*, *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025).

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.