■ DONALD E. THOMPSON et al., Respondents, v SHANE MC-CARTHY, Doing Business as MCCARTHY ROOFING COMPANY, Appellant. [733 NYS2d 791] —Mercure, J. P. Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered June 26, 2000 in Madison County, upon a decision of the court in favor of plaintiffs.

In August 1992, plaintiff Donald E. Thompson (hereinafter plaintiff) contracted with defendant for the installation of a new asphalt shingle roof on plaintiffs' home for $10,000. Defendant completed the work in October 1992, but plaintiff was dissatisfied with the work and refused to pay the $5,000 balance

---

of the contract price. Defendant thereafter commenced an action in Oneida City Court to recover the unpaid balance from plaintiffs. Ultimately, City Court determined that the cost of reasonable repairs resulting from defendant's poor workmanship "more than offset[]" the unpaid balance on the contract; after defendant failed to avail himself of an opportunity to correct the defects, City Court dismissed the complaint.

In the meantime, plaintiffs commenced this action in Supreme Court seeking, on various legal theories, to recover damages arising out of the defective condition of their roof. During the pendency of the action, plaintiffs hired another contractor to remove all of the roofing material installed by defendant and to install a new roof. Plaintiffs paid that contractor $29,455 for its work. After Supreme Court denied defendant's motion to dismiss the complaint on collateral estoppel grounds and because of the pendency of the City Court action, the action proceeded to a nonjury trial. Ultimately Supreme Court determined that defendant had failed to install the roof in a good and workmanlike manner, but that plaintiff had prevented defendant from performing work that was necessary for proper installation of the roof. Supreme Court assessed total damages at $14,700 and allocated 50% of the fault to each party, bringing about a net award to plaintiffs of $7,350, and also awarded plaintiffs the $5,000 they had paid on the contract with defendant, together with costs, disbursements and interest. Defendant appeals.*

As a threshold matter, we reject the contention that plaintiffs' claims are barred by the doctrines of collateral estoppel or res judicata. The very same issue was raised and rejected by this Court on defendant's prior appeal from Supreme Court's order denying his motion to dismiss the complaint (241 AD2d 606).

On the merits, we agree with defendant that Supreme Court's award of damages is unsupported by the record. As a general rule, "the proper measure of damages in cases involving the breach of a construction contract is 'the difference between the amount due on the contract and the amount necessary to properly complete the job or to replace the defective construction, whichever is appropriate' " (*Lyon v Belosky Constr.*, 247 AD2d 730, 731, quoting *Sherman v Hanu*, 195 AD2d 810). In this case, there is little question that defendant should have installed the roofing material in such a way that both the drip edge and the shingles extended beyond the edge of the roof and the evidence revealed other likely deficiencies

---

* Despite repeated communications from this Court, plaintiffs have failed to file a responding brief.

in defendant's work. Nonetheless, the record supports Supreme Court's implicit finding that most of the inadequacies pointed to by plaintiffs' experts were the result of existing ventilation and insulation problems, as well as plaintiffs' refusal to authorize the necessary work. Further, there is no support in the record for the conclusion that the defects in defendant's work could not be corrected without removing and replacing the asphalt shingle roof that defendant installed, and the roof ultimately installed by the company owned by Marvin Mondlick was in no way comparable to the roof called for in the contract between plaintiffs and defendant. Notwithstanding these facts, plaintiffs' experts offered no evidence regarding the reasonable cost of correcting any defects in defendant's work but merely offered evidence concerning the cost of removal of the old roof and installation of the new.

Given the failure of plaintiffs' proof and based on the credible evidence that was adduced concerning the reasonable cost of correcting the defects in defendant's work, we agree with defendant that plaintiffs' damages are exceeded by the $5,000 that plaintiff withheld from the contract price. The result is that plaintiffs have established no damages arising out of defendant's breach of the August 1992 roofing contract. The parties' remaining contentions have been considered and have either been rendered academic or have been rejected as meritless.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed.

