■ ROUTE 7 MOBIL, INC., Appellant, v MACHNICK BUILDERS, LTD., Respondent. [745 NYS2d 336] —Mugglin, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered May 7, 2001 in Rensselaer County, upon a decision of the court in favor of plaintiff.

In 1988, plaintiff contracted with defendant to build a Mobil Mini-Mart consisting of a convenience store and three gas pump islands served by four underground fuel tanks for the sum of $387,000. In the fall of 1992, plaintiff began to experience water contamination in the underground diesel fuel tank. In an effort to remedy the problem, plaintiff extended the fill pipe on the diesel tank. In 1999, plaintiff's lessee discovered that the flange connecting the fill pipe to the diesel tank was partially detached from the tank. The subsequent repair to the flange eliminated the contamination problem in the underground diesel fuel tank.

Plaintiff commenced this action claiming, inter alia, that defendant breached its contract with plaintiff by failing to construct the gas station in a competent manner. Following a bench trial, Supreme Court determined that the fill pipe on the

diesel fuel tank was not properly installed or was damaged during installation resulting in a breach of contract entitling plaintiff to damages from defendant. Plaintiff's damage claim included elements consisting of an alleged decrease in the value of the income producing real property of $454,139 and loss of profits in the amount of $281,000. Supreme Court determined that plaintiff's proof regarding the claim of reduced value of the real estate and proof of lost profits was too speculative and uncertain. Accordingly, Supreme Court awarded damages in the amount of $616.77, representing the repair bills paid by plaintiff for customers' vehicles which experienced difficulties as a result of the contaminated diesel fuel. Plaintiff appeals.

First, we note that plaintiff used the capitalization of income method to determine the market value of the property on June 30, 1993 ($799,643) and June 30, 1995 ($345,504), the difference being the claimed measure of damages. While we agree with Supreme Court that, since diesel sales never exceeded 12% of gross sales in these years, it is too speculative to award 100% of the decrease in market value of the property to water contamination of the diesel fuel, we affirm this part of Supreme Court's decision for an additional reason.

Where construction has been completed, the general rule is that the proper measure of damages for the breach of a construction contract is the amount necessary to replace or cure the defective condition (*see, Thompson v McCarthy*, 289 AD2d 663, 664; *Lyon v Belosky Constr.*, 247 AD2d 730, 731). The difference in value rule is applied only where it would be unfair to apply the general rule (*see, Bellizzi v Huntley Estates*, 3 NY2d 112, 115; 36 NY Jur 2d, Damages, § 51, at 90-91). Plaintiff submitted no evidence of the cost of repair, resulting in a failure of proof on this element of claimed damages.

Next, plaintiff claims that the net loss of business it suffered for the years 1992 through 1996 of $281,000 is a strong indication of the lost profits directly attributable to the contamination of the diesel fuel. Again, while we agree with Supreme Court that proof of lost profits was either entirely missing or too speculative, we affirm for an additional reason. As in contracts generally, damages for breach of a construction contract are recoverable if they were within the contemplation of the parties at the time of the contract, and are capable of measurement with a reasonable degree of certainty (*see, Ashland Mgt. v Janien*, 82 NY2d 395, 403; 36 NY Jur 2d Damages § 49, at 83, 84). Plaintiff's proof is inadequate for either element, thus making an award for lost profits inappropriate (*see, Kenford Co. v County of Erie*, 67 NY2d 257, 261).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.