■ SKY-LIFT CORPORATION, Appellant, v FLOUR CITY ARCHITECTURAL METALS, INC., Respondent, et al., Defendant. [748 NYS2d 725] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 15, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No basis exists for departing from the general rule that a secondary subcontractor (plaintiff) who is not paid by its primary subcontractor (defendant Frame) cannot look for payment to the contractor with whom the primary subcontractor contracted (defendant-respondent Flour City), absent privity of contract (*see Tibbetts Contr. Corp. v O & E Contr. Co.*, 15 NY2d 324; *Barry, Bette & Led Duke v State of New York*, 240 AD2d 54, 56, *lv denied* 92 NY2d 804), or an agreement by the contractor, express or implied, to pay its subcontractor's obligations

(*see EFCO Corp. v U.W. Marx, Inc.*, 124 F3d 394, 400-401). The record contains no evidence of any such privity or agreement. Flour City was the subcontractor for the manufacture and installation of the entire stone curtain wall of the subject project; it subcontracted with Frame to perform work relating to the manufacture (Materials Subcontract) and installation (Erection Subcontract) of cornice stones; and Frame subcontracted with plaintiff to perform the installation work, as evidenced by an exchange of written proposals that also formed the basis of Frame's Erection Subcontract with Flour City. The only obligation that Flour City undertook as to plaintiff was to make payments to it, as per Frame's authorizations, as a draw against the Erection Subcontract funds, and to pass change orders up the chain to the general contractor, not a party herein, in accordance with industry custom. It does not avail plaintiff that Flour City may have benefited from plaintiff's work (*see Westinghouse Elec. Supply Co. v Brosseau & Co.*, 156 AD2d 851; *Data Elec. Co. v Nab Constr. Corp.*, 52 AD2d 779). Nor is there merit to plaintiff's claim that it never entered into a contract with Frame. A contract was formed by Frame's acceptance of plaintiff's March 3, 1992 written proposal, as confirmed by Frame's letter to plaintiff of May 4, 1992, and plaintiff's course of conduct in commencing the work and accepting payments (*see V'Soske v Barwick*, 404 F2d 495, 499, *cert denied* 394 US 921; *Apex Oil Co. v Vanguard Oil & Serv. Co.*, 760 F2d 417, 422). There is no evidence that plaintiff and Frame contemplated a more formal agreement, and when plaintiff proffered an alternative proposal in December 1992, Frame promptly responded that the March 3, 1992 proposal was the agreement. We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.