■ KMT Construction Corp., Appellant, v Mega Contracting, Inc., et al., Respondents. [781 NYS2d 1]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered May 20, 2003, which, after a nonjury trial, dismissed the complaint and granted judgment on defendant Mega Contracting's counterclaim in the principal amount of $84,944, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 25, 2003, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The trial court's determination to credit defendants Mega (the prime contractor) and Seaboard Surety with the amount of the settlement with plaintiff's subcontractor, Cosmo Interior and Exterior Construction, was amply supported by the record. Although plaintiff argues that such settlement was based on quantity (truckloads of excavation) rather than on a survey, which plaintiff's former vice-president (Messersmith) maintained was the agreement between those parties, the record nonetheless demonstrates that Messersmith accepted and signed off on invoices received from Cosmo based on truckloads. Messersmith testified that Cosmo had wanted the quantities to be calculated by truckload. There was no written contract executed between plaintiff and Cosmo. Plaintiff submitted a bill for payment to defendants, which included amounts demanded by Cosmo and calculated in truckloads, and plaintiff agreed it would have paid Cosmo this amount had plaintiff received from defendants the amount it demanded in payment. Thus, issues of fact were raised regarding how Cosmo's payment was to be calculated, and it cannot be said that the trial court's resolution of this issue was erroneous or against the weight of the evidence.

Similarly, the court properly held that the survey performed by Mega's surveyor would determine the quantities of rock and soil excavation in the calculation of plaintiff's fee. That plaintiff was not given an opportunity to view the survey is immaterial. The excavation subcontract between Mega and VVSS did not call for such viewing, and Mega was not a party to the sub-subcontract between plaintiff and VVSS, which provided that plaintiff could view the survey (*see generally Sky-Lift Corp. v Flour City Architectural Metals*, 298 AD2d 214 [2002]). Furthermore, plaintiff has been given a full opportunity to challenge the survey performed by Mega's surveyor, which would have been its only remedy had it viewed the survey and found it wanting. Plaintiff's arguments as to why its surveyor's survey is more accurate are unpersuasive. The trial court's decision to credit Mega's survey had a proper foundation in the record. Plaintiff's technical argument to the contrary, especially as to what Mega's survey should have included, does not cite to the record or any authority.

Mega's motion to amend its counterclaim to include recovery for costs of overexcavation was properly granted. The court had initially denied this motion at trial, but allowed such evidence to be admitted, indicating that it might consider the argument as a setoff. This put plaintiff on notice that the issue might become relevant, giving it the opportunity to offer any evidence

it wished to on this matter at trial. There was thus no prejudice to plaintiff when the court ultimately granted the motion to amend the counterclaim (*see Prote Contr. Co. v Board of Educ. of City of N.Y.*, 249 AD2d 178 [1998]; CPLR 3025 [b]). Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.