■ WILLIAM H. PEAK, Appellant, v NORTHWAY TRAVEL TRAILERS, INC., Respondent. [811 NYS2d 798]—

Spain, J. Appeal from an order of the Supreme Court (Sise, J.), entered August 24, 2004 in Washington County, which granted defendant's motion for a directed verdict and denied plaintiff's cross motion for a continuance.

Plaintiff commenced the instant action against defendant in November 1995 asserting causes of action including breach of contract seeking to recover monetary damages consisting of the full purchase price plus interest arising from his purchase of a new motor home from defendant in December 1991 for approximately $104,000. Supreme Court conducted a bifurcated jury trial on liability in 1997, during which all of plaintiff's claims were dismissed except for breach of contract, and the jury reached a verdict in plaintiff's favor on that claim. This Court thereafter affirmed Supreme Court's order denying plaintiff's motion for summary judgment on damages (260 AD2d 840 [1999]). We agreed that the amount of damages due plaintiff as a consequence of defendant's contractual breach had not been proven or decided at the liability phase, and was a question for a factfinder at the bifurcated trial on damages (*id.* at 842-843). We explained that plaintiff "must offer proof at the trial on damages as to the loss suffered as a consequence of defendant's breach of contract, including incidental and consequential damages . . . (*see,* UCC 2-714 [1]; 2-715)" (*id.* at 843).

A bench trial on damages was held in June 2003 at which plaintiff, appearing pro se, was the sole witness. In October 2003, Supreme Court issued a decision continuing the damages trial, noting that the proof submitted at trial had been insufficient to enable the court to "render a definitive assessment regarding said damages," and specifically requested submission of "expert proof concerning set-offs and depreciation." When no such additional proof was submitted despite the passage of nine months, Supreme Court granted defendant's motion for a directed verdict, and rendered judgment dismissing plaintiff's action due to his failure to adduce proof of damages (*see* CPLR 4401). Additionally, the court denied plaintiff's cross motion for

a continuance (*see* CPLR 4402). Plaintiff now appeals, and we affirm.

Initially, although plaintiff has appealed from each and every part of the order, he did not raise any issue in his brief addressed to Supreme Court's denial of his cross motion for a further continuance (*see* CPLR 4402) and, thus, the issue is deemed abandoned (*see Murry v Witherel*, 287 AD2d 926, 926 [2001]). In any event, we discern no abuse of discretion in the denial of this request, following an almost year-long continuance, based upon the court's sound conclusion that "plaintiff has had an ample opportunity to procure the necessary evidence relating to his damages" (*see Brusco v Davis-Klages*, 302 AD2d 674, 674 [2003]; *Le Jeunne v Baker*, 182 AD2d 969 [1992]; *cf. Zysk v Bley*, 24 AD3d 757, 758 [2005]; *Byrnes v Varlack*, 17 AD3d 616, 616 [2005]).

With regard to the adequacy of the proof of plaintiff's damages resulting from defendant's breach of contract, plaintiff was repeatedly reminded that he bore the burden of proof at trial (*see J.R. Loftus, Inc. v White*, 85 NY2d 874, 877 [1995]; *City of New York v State of New York*, 27 AD3d 1, 4 [2005]; *Ashton v McLenithan*, 224 AD2d 749, 751 [1996]; *see also* 260 AD2d 840, 843 [1999], *supra*). The proof at the damages trial, viewed most favorably to plaintiff (*see Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]; *Calafiore v Kiley*, 303 AD2d 816, 817 [2003]), established that plaintiff purchased the motor home new in late 1991 or early 1992 for $104,715, and discovered in mid-1993 that its weight exceeded federal safety standards, which he communicated to defendant; he commenced this action in November 1995. Despite the defect, he continued to drive and make some use of the motor home, driving it at least 25,000 miles over the 6½ years of ownership until September 1998, when it was destroyed by fire; the following year, he received insurance compensation of over $61,000.

Plaintiff's proof of damages consisted solely of his own testimony. He testified that the motor home's defect rendered it essentially worthless and without any market value. He estimated his damages at $88,115 plus interest, which he computed by reducing the purchase price by (1) the amount of rent he estimated he would have paid in Florida during one 12-month period in which he lived in the motor home ($3,600), (2) the value of that 6,000-mile round trip to Florida ($3,000), and (3) a $10,000 salvage value. However, given that plaintiff's only expertise to assign those values was his prior ownership of motor homes, we cannot say that Supreme Court's implicit conclusion that plaintiff did not possess sufficient knowledge to

determine his damages was in any respect erroneous (*see Matter of Tennessee Gas Pipeline Co. v Town of Sharon Bd. of Assessors*, 298 AD2d 758, 759-760 [2002], *lv denied* 99 NY2d 506 [2003]; *Strach v Doin*, 288 AD2d 640, 642-643 [2001]). Also, plaintiff adduced no competent, expert or documentary proof that the motor home had no market or resale value and was incapable of being repaired or modified (*cf. Murphy v Mallard Coach Co.*, 179 AD2d 187 [1992]) or of its salvage value, or of its value at the time of his purchase taking into consideration the overweight defect (*cf. Gem Jewelers v Dykman*, 160 AD2d 1069, 1072 [1990]). Significantly, no competent proof was submitted to enable the court to calculate the depreciation in the value of the motor home attributable to plaintiff's extended 6½-year use—albeit limited use—of the motor home, a shortcoming expressly pointed out by the court in granting the October 2003 continuance. Likewise, plaintiff did not submit any evidence of the value of the motor home at the time it was destroyed by fire, or proof that the insurance proceeds of in excess of $61,000—which amount plaintiff testified was not reduced to reflect the defect in the motor home—did not entirely (or partially) offset its then-depreciated value.

While damages in this case could have been determined "in any manner which is reasonable" (UCC 2-714 [1]; *see B. Milligan Contr. v Mancini Assoc.*, 174 AD2d 136, 139 [1992]), they may not be based upon speculation and, instead, must be "reasonably certain" (*Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]; *see Route 7 Mobil v Machnick Bldrs.*, 296 AD2d 809, 810 [2002], *lv denied* 99 NY2d 501 [2002]). The courts have indeed been sympathetic to plaintiff's ordeal as a consumer purchasing a high-priced motor home with a belatedly discovered defect. However, plaintiff's failure—despite lengthy continuances—to present adequate proof of his damages or losses suffered directly, incidentally or consequentially as a result of defendant's contractual breach in selling this defective motor home precluded Supreme Court from awarding him damages, and compelled granting defendant a directed verdict dismissing plaintiff's complaint (*see id.; see also Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.