■ LAWRENCE A. FELDIN, Doing Business as IN-HEAT SERVICES, Appellant, v ROBERT J. DOTY et al., Respondents. [848 NYS2d 374]—

Kane, J. Appeal from an order of the County Court of Chenango County (Sullivan, J.), entered June 27, 2006, upon a decision of the court, among other things, in favor of defendants on their counterclaim.

Defendants contracted with plaintiff to have him install electrical, plumbing and heating systems into a house they were building. Plaintiff completed most of the work and was paid a portion of the amount due, when defendants asked him not to continue due to his alleged delay in completion. Plaintiff sent a final invoice to defendants, which they did not pay. As a result, plaintiff commenced this action for the balance due for work he completed. Defendants answered and counterclaimed, alleging that plaintiff caused them damages by failing to perform in a workmanlike manner. At the nonjury trial, County Court heard the testimony of plaintiff, both defendants and defendants' expert, Jeffrey Clinton. The court held that defendants were entitled to the cost of repairing plaintiff's work, less the amount they owed plaintiff from his final invoice. The court accepted the amounts alleged by the parties and entered a judgment in defendants' favor. Plaintiff appeals.*

In reviewing a decision following a nonjury trial, this Court may independently review the evidence presented and grant judgment as warranted by the record, giving due deference to the trial court's credibility determinations (see *Poli v Lema*, 24 AD3d 981, 983 [2005]; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *but see Thoreson v Penthouse Intl.*, 80 NY2d 490 [1992]). As defendants did not appeal, the court's finding in favor of plaintiff on his complaint will stand in the amount of $8,005.65, the amount that plaintiff concedes he proved. Relying on the court's credibility determination in favor of Clinton, defendants proved on their counterclaim that some of plaintiff's work was either not completed or was performed in an unworkmanlike manner.

We disagree, however, with County Court's damages determination. Defendants bore the burden of proof on their counterclaim, including the burden to submit adequate evidence concerning damages (see *Desai v Blue Shield of Northeastern N.Y.*, 178 AD2d 894, 895-896 [1991]; *Cotazino v Basil Dev. Corp.*, 167 AD2d 632, 633 [1990]; *see also Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927, 928 [2006]). The proper measure of damages in this construction contract action was "the difference between the amount due on the contract and the amount necessary to properly complete the job or to replace the defective construction, whichever is appropriate" (*Sherman v Hanu*, 195 AD2d 810, 810 [1993]; *see Thompson v McCarthy*, 289 AD2d 663, 664 [2001]).

---

* Although plaintiff's notice of appeal indicates that he is appealing County Court's order, rather than the subsequently entered judgment, we exercise our discretion to deem the appeal taken from the final judgment (*see* CPLR 5520 [c]; *Matter of General Motors Corp. [Sheikh]*, 41 AD3d 993, 994 [2007]).

Defendant Sally Doty testified that, aside from Clinton, who performed most of the corrective work, defendants paid several other workers to complete or replace plaintiff's defective work. She did not identify any defects, the amount of work performed or the amounts she paid to any of these workers to correct the defects, nor did she provide any proof on this matter other than her testimony (see *Peak v Northway Travel Trailers, Inc.*, 27 AD3d at 928-929; *Route 7 Mobil v Machnick Bldrs.*, 296 AD2d 809, 810 [2002], *lv denied* 99 NY2d 501 [2002]; *Mid-State Precast Sys. v Corbetta Constr. Co.*, 202 AD2d 702, 704 [1994], *lvs dismissed* 84 NY2d 923 [1994], 86 NY2d 855 [1995]). She testified that she had already paid Clinton about $3,000 and that more work was anticipated. But Clinton testified that the bills submitted into evidence included everything he did for defendants. Those bills totaled $2,809.02. While the record also contains Clinton's written estimate of $5,000 to replace the boiler, Clinton performed corrective work on the boiler and did not testify that the boiler needed to be replaced. Based on the limited evidence submitted concerning damages suffered by defendants, they were only entitled to a judgment of $2,809.02 on their counterclaim. Subtracting that amount from the judgment to plaintiff on his complaint, plaintiff is entitled to a judgment in his favor in the amount of $5,196.63.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by revising the damages award to plaintiff on his complaint to $8,005.65, revising the damages award to defendants on their counterclaim to $2,809.02, and revising the final judgment to be in plaintiff's favor in the amount of $5,196.63; and, as so modified, affirmed.