■ HARDY HODGES et al., Respondents, v RICHARD CUSANNO et al., Appellants. [941 NYS2d 772]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Feeney, J.H.O.), entered July 16, 2010 in Ulster County, upon a decision of the court in favor of plaintiffs.

Defendants contracted to provide landscaping and related work at plaintiffs' new home in the Town of New Paltz, Ulster County. The contract set forth three phases of work, including, among other things, constructing a 1,000 square foot bluestone patio, building a drainage system, and installing a 1.5-acre lawn. Plaintiffs paid a total of $35,355 and, unsatisfied with virtually all aspects of defendants' work, they commenced this breach of contract action seeking as damages the return of the entire amount they had paid to defendants. After a nonjury trial, Supreme Court found a breach, and that plaintiffs had proven damages of $8,500. Damages were comprised of $4,500 for the patio and $2,000 for the lawn because each was smaller than agreed to in the contract, and an additional $2,000 for unjust enrichment resulting from the poor quality of the portion of the lawn that was installed. Defendants appeal contending that plaintiffs failed to present sufficient proof to support an award of any damages.

When a breach of contract involves defective or incomplete construction, the proper measure of damages typically "is the cost to repair the defects or, if the defects are not remediable, the difference in value between a properly constructed structure and that which was in fact built" (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 262 [1998]; *see Thompson v McCarthy*, 289 AD2d 663, 664 [2001]; 24 Williston on Contracts § 64:3 [4th ed]). "This rule is merely a recognition of the precept that damages are intended to place the injured party in the same position as if there had been no breach" (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d at 262). The proof regarding damages must be reasonably certain and not based entirely upon speculation (*see Haber v Gutmann*, 64 AD3d 1106, 1108 [2009], *lv denied* 13 NY3d 711 [2009]).

With regard to the bluestone patio, the contract set forth in writing a cost of $15,000 for a 1,000 square foot patio, reflecting a cost of $15 per square foot. Consistent therewith, plaintiff Hardy Hodges testified that defendant Richard Cusanno had told him that $15 per square foot was the cost to construct a patio. It is uncontested that defendants installed a patio of only 700 square feet instead of the 1,000 square feet called for in the contract. Under the prevailing circumstances and in light of the proof presented at trial, Supreme Court properly used the parties' agreed upon value of such work in calculating damages on this aspect of the contract at $4,500.

Similarly, the price for installing the lawn was explicitly provided for in the contract at a value of $6,000 per acre and the amount to be installed was 1¹/₂ acres for $9,000. Although there was conflicting proof about the amount of lawn actually installed, Supreme Court made a credibility determination in concluding that plaintiffs received one third of an acre less than promised in the contract. We defer to that credibility determination (*see Ash v Bollman*, 80 AD3d 1115, 1118 [2011]) and, by the parties' own contractual standard regarding the value of the work, Supreme Court correctly concluded that plaintiff had been damaged in the amount of $2,000.

We do, however, find merit in defendants' contention that Supreme Court erred in awarding $2,000 for unjust enrichment regarding the poor quality of the portion of the lawn that was installed. Initially, we note that where, as here, "the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *see Stollsteimer v Kohler*, 77 AD3d 1259,

1261 [2010]). Moreover, although Hodges stated that he thought he may have spent "thousands of dollars" on topsoil and reseeding, plaintiffs provided no other evidence on this aspect of damages. Simply stated, there was no proof as to actual amounts spent or the reasonable value of such repairs. Since the proof as to damages incurred in repairing the lawn was, at best, speculative, we reduce the award for such aspect of the breach of contract to nominal damages of one dollar (*see Freund v Washington Sq. Press*, 34 NY2d 379, 383-384 [1974]; *Buchwald v Waldron*, 183 AD2d 1080, 1081 [1992]). The total award of damages must thus be reduced to $6,501.

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reducing the award of damages from $8,500 to $6,501 and, as so modified, affirmed.