Rose, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered September 30, 2011 in Ulster County, which granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiff, an experienced insurance agent, entered into an agreement with defendant Thomas M. Kolberg, a general agent for defendants Farm Family Casualty Insurance Company and Farm Family Life Insurance Company (hereinafter collectively referred to as Farm Family), “to take custody of” an Ulster *1055 County book of Farm Family’s business. Plaintiff and Farm Family then entered into agent contracts. Almost seven years later, Farm Family terminated plaintiff based on his mishandling of certain matters and transferred the Ulster County book of insurance business to another Farm Family agency. Plaintiff thereafter commenced this action for, among other things, unjust enrichment, alleging that he had purchased the Ulster County book of business and was entitled to compensation for its transfer. After joinder of issue and discovery, Supreme Court granted defendants’ motion for summary judgment and dismissed the complaint in its entirety. As limited by his brief, plaintiff argues on appeal that there are questions of fact precluding Supreme Court’s determination that he did not purchase the Ulster County book of business and dismissal of his unjust enrichment claim. We affirm.
Plaintiff does not contest the validity of the agent contracts he entered into with Farm Family which provide, among other things, that Farm Family owns all insurance business assigned to or produced by plaintiff and that the book of business may be reassigned to another agent in the event of plaintiffs termination. Instead, he contends that he had a separate, oral agreement with Kolberg whereby he purchased the book of business according to the terms of Kolberg’s handwritten “fact sheet” listing the income earned from the book’s policies and the amount that plaintiff would be required to pay Kolberg “to take custody of’ it. Plaintiff failed, however, to present evidence sufficient to raise any material issue of fact rebutting the plain, unambiguous terms of the agent contracts. These contracts specifically provide that they “supersede[ ] all prior agreements between the parties hereto” and that they “represente ] the entire understanding and agreement of the parties hereto.” Furthermore, any modification of the agent contracts was required to be in writing and executed by a duly authorized officer or representative of Farm Family. The unsigned “fact sheet,” on the other hand, was provided to plaintiff prior to his execution of the agent contracts, and it does no more than to memorialize his apparent agreement to pay Kolberg a portion of any commissions earned in order to be able to serve Kolberg’s former customers. As the agent contracts are clear that Farm Family owns the book of business, Supreme Court properly concluded that there were no issues of fact as to whether plaintiff purchased it from Kolberg (see Zinter Handling, Inc. v General Elec. Co., 101 AD3d 1333, 1336-1337 [2012]; George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [2005]; Moon v Clear Channel Communications, 307 AD2d 628, 630-631 [2003]).
*1056 Inasmuch as the agent contracts govern the ownership of the book of business, plaintiff cannot recover on an unjust enrichment cause of action (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]; Hodges v Cusanno, 94 AD3d 1168, 1169 [2012]). We would, in any event, find no merit to plaintiffs unjust enrichment claim as he was provided with established policies from which he immediately started earning commissions and, during the course of his time servicing the book of business, he netted approximately $350,000 in commission income after paying less than $50,000 to do so.
Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.